# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAO XIONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-873-G |
| | ) |
| WILLIAM McCORMICK et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Now before the Court are various motions filed by Plaintiff Pao Xiong. The Court considers these in turn.

First, in Plaintiff's Motion Requesting a Jury Trial Pursuant to Federal Rules of Civil Procedure Rule 38(b) for All the Claims in CIV-17-873-G (Doc. No. 74), Plaintiff notifies the Defendants of his demand for a jury trial. The Court ACCEPTS the notice as timely and NOTES for the record that Plaintiff has demanded a jury trial as to all issues triable of right by a jury.

Next, Plaintiff has filed a Motion Requesting Appointed Counsel Pursuant to 28 U.S.C. § 1915(e)(1) (Doc. No. 76). Although a federal court may, in its discretion, request legal representation for a civil litigant proceeding *in forma pauperis*, it cannot require counsel to take the case. *See* 28 U.S.C. § 1915(e)(1). Before the Court will make such request, "[t]he burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). In determining whether an appointment of counsel for a

prisoner proceeding *in forma pauperis* is warranted, the court considers "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

In his request for counsel, Plaintiff asserts that his claims are meritorious, he anticipates the assertion by Defendants of complex affirmative defenses, and that his placement in administrative segregation causes various practical problems such as a limited supply of ink pens and access to legal research. Pl.'s Mot. (Doc. No. 76) at 3-6. The Court understands Plaintiff's concerns as a prisoner representing himself but must deny his request to appoint counsel. The Court notes that, to date, Plaintiff has filed a complaint and various motions containing factual allegations and legal citations, without the assistance of counsel. The circumstances described in Plaintiff's motion requesting counsel, unfortunately, do not distinguish Plaintiff from many other persons in a similar situation. At this early stage in the proceeding, the Court is not persuaded that this case presents one of the rare instances in which the Court may properly request counsel for Plaintiff. Accordingly, Plaintiff's motion seeking the appointment of counsel (Doc. No. 76) is denied.

Next, Plaintiff has filed various discovery motions and materials, including Plaintiff's Motion Requesting Discovery Pursuant to Federal Rules of Civil Procedure Rule 34 (Doc. No. 77), Plaintiff's Request to Produce Electronically Stored Information, Documents, and Tangible Things Pursuant to Federal Rules of Civil Procedure Rule 34 (Doc. No. 81), and copies of interrogatories directed to Defendants Jennifer Turnage (Doc.

No. 83), Keri Avant (Doc. No. 84), Jeff Lepird (Doc. No. 85), Robert Simmons (Doc. No. 86), Katie Freeman (Doc. No. 87), and Nicholas Gambel (Doc. No. 88). In these motions and materials, Plaintiff seeks to discover from Defendants and the United States Bureau of Prisons certain information, documents, and video footage that relate to the substance of Plaintiff's claims.

Plaintiff's efforts at discovery are premature. Among other things, Local Civil Rule 26.3 provides that, "if a motion has been made pursuant to Fed. R Civ. P. 12(b), no party may seek discovery from any source before that motion has been decided and all moving parties have filed an answer or been dismissed from the case." LCvR 26.3 (W.D. Okla.). On December 20, 2018, Defendants Freeman, Lepird, Avant, Turnage, Gambel, and Simmons moved to dismiss Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). *See* Defs.' Mot. (Doc. No. 91) at 6. Accordingly, Plaintiff's discovery motions (Doc. Nos. 77 and 81) are DENIED without prejudice. Further, the Court ADVISES the parties that no response need be made to Plaintiff's interrogatories or other discovery requests until such time as Local Civil Rule 26.3, or the Court by direct order, authorizes the parties to engage in discovery.

Finally, Plaintiff has filed a Motion for Entry of Default (Doc. No. 89). Plaintiff argues that he is entitled to default judgment because Defendants Freeman, Lepird, Avant, Turnage, Gambel, and Simmons were served and have failed to answer or otherwise respond to the Complaint in a timely manner. On December 7, 2018, the Court entered an Order (Doc. No. 79) extending Defendants' deadline to answer or otherwise respond to Plaintiff's Complaint to December 20, 2018, and on that date Defendants Freeman, Lepird,

Avant, Turnage, Gambel, and Simmons properly filed a motion to dismiss (Doc. No. 91). Plaintiff also nominally requests entry of default as to Defendants William "Billy" McCormick, FNU Alberts, and Thomas J. Scarantino; however, Plaintiff acknowledges these Defendants have not been served. Accordingly, Plaintiff's Motion for Entry of Default (Doc. No. 89) is DENIED.

IT IS SO ORDERED this 21st day of December, 2018.

CHARLES B. GOODWIN
United States District Judge