# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAO XIONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-873-G |
| | ) |
| WILLIAM McCORMICK et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Now before the Court are various motions filed by Plaintiff Pao Xiong and by Defendants Gamble, Freeman, Simmons, "John Doe" Lepird (Counselor), Avant, and Turnage (collectively, "Federal Defendants"). The Court considers certain of these and other matters herein.

*Incomplete filing of Complaint*

It has come to the Court's attention that several pages were inadvertently omitted when Plaintiff's Complaint (Doc. No. 1) was scanned into the Court's electronic filing system. Specifically, the pages originally numbered 19, 20, 21, and 22 are partially or entirely missing from the filed pleading. *See* Compl. at ECF pp. 26-27 (paras. 45-58). The Clerk of the Court is therefore directed to file the pages originally numbered 19, 20, 21, and 22 as a separate document to allow the parties to view the previously omitted pages. If the Federal Defendants wish to supplement their previously filed motion to dismiss based upon the content of these additional four pages, they may file such a supplement within 14

days of the filing of the omitted pages. If any such supplement is filed, Plaintiff may respond within 14 days of that supplement's filing.

*Service on Defendants McCormick, Scarantino, and Alberts*

On May 7, 2018, the Court issued an Order directing Plaintiff to cause a copy of his Complaint, along with an executed summons issued by the Court Clerk, to be served on each named Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* Order of May 7, 2018 (Doc. No. 37) at 1-2. The Order also authorized the United States Marshals Service ("USMS") to attempt service on each Defendant for whom Plaintiff properly completed a request for the issuance of summons. *See id.* at 2. On July 24, 2018, the Court directed that summonses be issued and that the USMS should attempt to accomplish service upon Defendants. *See* Order of July 24, 2018 (Doc. No. 48) at 1-2. With this USMS assistance, Plaintiff had 90 days from the date of the Order—i.e., until October 22, 2018—to serve each Defendant and to ensure that a waiver or proof of service for each Defendant was filed with the Court. *See id.* The Court has received executed returns of service for six of the nine named Defendants, and counsel has entered his appearance on behalf of those Federal Defendants. *See* Doc. Nos. 56, 57, 58, 59, 60, 61, 104.

The returns of service for Defendants William "Billy" McCormick, Thomas J. Scarantino, and "John Doe" Alberts were returned unexecuted. *See* Doc. Nos. 62, 63, 64; *see also* Doc. Nos. 51, 53, 54. Plaintiff has now filed two motions asking that the Court order various federal entities, as well as the served Defendants, to disclose the unserved

Defendants' addresses and telephone numbers. Necessarily implied in Plaintiff's request is an extension of his now-expired 90-day service deadline.

Plaintiff has not shown that the Court may or should direct that entities who are not parties to this lawsuit provide service information. The Court recognizes, however, that Plaintiff has attempted to obtain the necessary contact information on his own and that although service is ultimately Plaintiff's responsibility, it can be "unreasonable to expect incarcerated and unrepresented prison-litigants to provide the current addresses" of prison employees for the purpose of service. *Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010); *see also Morrow v. Jones*, No. CIV-09-633-M (W.D. Okla. Nov. 2, 2009). The Court also understands that providing addresses of current or former prison employees to an incarcerated person raises security concerns.

Balancing these considerations, as well as the fact that judicial efficiency requires this case to move forward, Plaintiff's request (Doc. Nos. 70, 73) is GRANTED IN PART AND DENIED IN PART, as follows:

1. Plaintiff's request that the Court order nonparties to provide information and that he be provided with telephone numbers for any Defendant is denied.

2. If any Defendant possesses personal knowledge or records reflecting the last known addresses of Defendants McCormick, Scarantino, or "John Doe" Alberts, that Defendant is ordered to file the address, under seal, with the Court by March 7, 2019.

3. No Defendant or attorney is required to take any action to determine these last known addresses from any outside source; rather, if no such information is

3

possessed by a Defendant, he or she should file a notice by the above deadline advising Plaintiff and the Court of that fact. Defendants may file joint notices.

4. Upon receipt of an address for an unserved Defendant filed in accordance with the above instructions, the Clerk of the Court is directed to provide the address to the USMS in a manner that ensures its confidentiality, along with a copy of the Complaint (Doc. No. 1), the Court's Orders of May 7, 2018, and July 24, 2018 (Doc. Nos. 37, 48), this Order, and a summons for service for that Defendant.

5. The USMS is directed to ensure that any address provided for a Defendant remains confidential and does not appear on any document sent by the USMS to Plaintiff or filed with the Court, including any Process Receipt and Return Form (USM-285).

-and-

6. For good cause shown and upon a showing of excusable neglect, Plaintiff's request for additional time to file a waiver or proof of service as to the three remaining Defendants is granted in part. *See* Fed. R. Civ. P. 4(d)(4), (*l*), (m); *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Court will refrain from taking any action on Plaintiff's expired Rule 4(m) deadline at this juncture. Upon receipt of the information discussed above, the Court may reopen the time limit for an appropriate specified period. *See* Fed. R. Civ. P. 4(m).

*Plaintiff's motion for appointment of counsel*

Plaintiff has filed a Motion Requesting Appointed Counsel Pursuant to 28 U.S.C. § 1915(e)(1) (Doc. No. 80). Although a federal court may, in its discretion, request legal representation for a civil litigant proceeding *in forma pauperis*, it cannot require counsel to take the case. *See* 28 U.S.C. § 1915(e)(1). Before the Court will make such request, "[t]he burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985); *see also Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 910th Cir. 2004). As noted recently, Plaintiff has not met that burden in this litigation. *See* Order of Dec. 21, 2018 (Doc. No. 92). In his latest request for counsel, Plaintiff reasserts his previous arguments and also states that he has been in contact with an attorney at a certain law firm, who "appear[ed] to indicate" that if the Court "would appoint" that law firm, the firm "would agree to represent Xiong" in this lawsuit. Pl.'s Mot. Requesting Appointed Counsel at 4. The Court, however, is not authorized under the relevant statute to "appoint" an attorney or a law firm as contemplated by Plaintiff. *See* 28 U.S.C. § 1915(e)(1). While Plaintiff is free to engage legal representation on his own, the Court will not order any attorney or firm to provide representation. This Motion is DENIED without prejudice.

*Plaintiff's motion for extension of deadline
to respond to Defendants' Motion to Dismiss*

Next, Plaintiff has filed a Motion requesting an extension of time to respond to the Motion to Dismiss (Doc. No. 91) filed on December 20, 2018. Prior to disposition of this

Motion, however, Plaintiff had already filed a response as well as motions attempting to direct the Court's reading of that response. *See* Pl.'s Resp. to MTD (Doc. No. 97); Pl.'s Mots. Order (Doc. Nos. 100, 105). Accordingly, Plaintiff's Motion for Extension of Time (Doc. No. 94) is DENIED AS MOOT.

*Defendants' motion to strike Plaintiff's
response to Defendants' Motion to Dismiss*

Defendants have moved to strike Plaintiff's Response to their Motion to Dismiss, accurately noting the 84-page filing's failure to comply with the 25-page limit set forth for response briefs in this Court's Local Civil Rules. *See* LCvR 7.1(e) (limiting most briefs to 25 pages (not counting cover page, certificate of service, or exhibits)). The Court finds that, even allowing some leeway in light of Plaintiff's pro se status, Defendants' objection is well taken and GRANTS the relief requested (Doc. No. 98). Plaintiff's Response (Doc. No. 97) is hereby STRICKEN. Plaintiff's Motions for Order (Doc. Nos. 100, 105) regarding the Court's consideration of that Response are DENIED. Plaintiff shall file a new response to the Motion to Dismiss that is compliant with all Federal and Local Civil Rules no later than March 14, 2019. Failure to comply with this directive may result in the Motion to Dismiss being deemed confessed. *See* LCvR 7.1(g).

*Plaintiff's motion to file additional documents*

Plaintiff has filed a motion seeking additional time to file certain administrative documents that are alleged to be referred to in his Complaint and central to his claims, and

he asks that the Court take "judicial notice" of the same, as well as of certain filings in another of his civil cases. Plaintiff's motion (Doc. No. 99) is DENIED. To the extent Plaintiff seeks leave to amend his Complaint, his request fails to attach the proposed amendment and to otherwise comply with Local Civil Rule 15.1. And while the Court may consider on a motion to dismiss documents incorporated into the pleading by reference, "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity," and matters of judicial notice, the Court may not properly take "judicial notice" of documents as a stand-alone action, outside of the context of such a motion, based upon a party's representation as to the contents of those documents. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *see Tellabs, Inc. v. Makor Rights & Issues, Ltd.*, 551 U.S. 308, 322 (2007); *Arocho v. Nafziger*, 367 F. App'x 942, 952 n.12 (10th Cir. 2010); *see also* Fed. R. Civ. P. 12(d).

*Plaintiff's motion for ruling on supplemental material*

Finally, Plaintiff asks that the Court "rule on" "the supplement[al] material" he filed as Doc. No. 14 on October 26, 2017. As an initial matter, the Court did "rule on" Doc. No. 14. *See* Order of Dec. 4, 2017 (construing Doc. No. 14 as a motion to amend the Complaint and setting a deadline to file an amended complaint); *see also* Order of May 7, 2018, at 1-2 (construing Plaintiff's request to amend as withdrawn in light of Plaintiff's numerous failures to amend despite extensions being granted). Further, the relevant portion of Doc.No. 14 consists of over 70 pages of legal argument and briefing, which would not be a proper amendment or supplement to Plaintiff's pleading in any event. *See* Fed. R. Civ.

7

P. 8(a)(1), 8(d)(1), 12(f); LCvR 9.2(a); *Toevs v. Reid*, 267 F. App'x 817, 819-20 (10th Cir. 2008) (citing cases). Plaintiff's motion (Doc. No. 102) is DENIED.

IT IS SO ORDERED this 21st day of February, 2019.

*[Signature]*
CHARLES B. GOODWIN
United States District Judge