# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAO XIONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-873-G |
| | ) | |
| WILLIAM McCORMICK et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, a federal prisoner appearing pro se, filed this action asserting the violation of his federal constitutional rights. The matter was referred to United States Magistrate Judge Bernard M. Jones for initial proceedings in accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b). On July 24, 2019, Judge Jones issued a Report and Recommendation ("R. & R.") (Doc. No. 136), in which he recommended that Defendants' Motion to Dismiss (Doc. No. 91) be granted.

Plaintiff has filed an Objection (Doc. No. 141) to the R. & R. The Moving Defendants[1] did not object or respond to Plaintiff's Objection. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews de novo the portions of the R. & R. to which specific objections have been made. Having conducted this de novo review, the Court finds as follows.

---

[1] The Moving Defendants are: Gamble, Freeman, Simmons, "John Doe" Lepird (Counselor), Avant, and Turnage. The remaining three Unserved Defendants—McCormick, "John Doe" Alberts (Administrator), and Scarantino—have not appeared and are discussed further below.

I. *Background*

Plaintiff's Complaint (Doc. No. 1) raises five First Amendment claims (Claims One, Two, Four, Five, and Seven) and two equal-protection claims (Claims Three and Six). *See* Compl. at 1-51; Suppl. (Doc. No. 109). The basic factual premise is provided in the R. & R.:

> According to an incident report, Plaintiff received discipline on August 12, 2015, for arriving late to a program review (IR 2748929) [or IR 2748929]. Defs.' Mot. Ex. 1, at 16. Plaintiff, however, argues he received discipline for his "expressive activity and speech." Compl. 16. In an effort to seek relief from his disciplinary proceedings related to IR 2748929, Plaintiff initiated an administrative remedy on September 8, 2015. On the same date, Plaintiff received additional discipline for "possession of anything not authorized for retention or receipt by the inmate, and not issued to him through regular channels"—six cooked beef patties wrapped in plastic (IR 2758590). *Id.* at 16; Defs.' Mot. Ex. 1, at 18. Plaintiff contends he was permitted to bring the food back to his living quarters. Compl. 16. Following the prison proceedings related to this discipline, Plaintiff was placed in the SHU. *Id.* at 17, 24-25. Plaintiff was subsequently transferred to the Federal Transfer Center and then to FCI-Forrest City Low. *Id.* at 17.

R. & R. at 3 (footnotes omitted). The R. & R. noted that Plaintiff's pleading includes an incomplete signed declaration. *Id.* at 4; *see* Compl. at 25-51; Suppl. at 1-4. Judge Jones found that, "The declaration is a narrative describing various conversations and actions in which Plaintiff participated or witnessed, and it also contains extraneous details that are either unrelated or tangentially related to Plaintiff's legal claims." R. & R. at 4.

The moving Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In analyzing a motion to dismiss under Rule 12(b)(6), the Court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most

favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Similarly, the Court must screen Plaintiff's Complaint and dismiss the pleading if it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); 42 U.S.C. § 1997e(c)(1). While the Court construes a pro se litigant's pleadings liberally, all parties must adhere to applicable procedural rules. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). The Court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

II.     The Report and Recommendation

After the Moving Defendants filed their Motion to Dismiss, Plaintiff filed an 84-page response (Doc. No. 97) that was stricken by the undersigned for failure to comply with this Court's Local Civil Rules (Doc. No. 108). Although Plaintiff was granted leave to file a new response, he did not do so.

3

Judge Jones recommended that the Motion to Dismiss be granted as to the moving Defendants and that Plaintiff's claims be dismissed on screening as to the Unserved Defendants. Specifically, he recommended that: (1) Plaintiff's First Amendment claims be dismissed with prejudice; (2) Plaintiff's equal-protection claims be dismissed without prejudice; and (3) Plaintiff's pending motions be denied.

III. *Plaintiff's Objection to the Report and Recommendation*

The bulk of Plaintiff's Objection does not extend to the findings and conclusions underpinning Judge Jones' recommendation. Plaintiff's primary argument—addressed below—is that he should be permitted to amend his pleading and thereby avoid dismissal. Plaintiff also argues that he did effectively respond to the Motion to Dismiss by filing (four months later) a Motion to Amend (Doc. No. 122) his Complaint and that Judge Jones erred by not construing that Motion to Amend as a response. *See* Pl.'s Obj. at 1-3. Judge Jones specifically explained, however, that notwithstanding Plaintiff's lack of response the Court was required to review the legal sufficiency of the pleading. *See* R. & R. at 1 n.1. The R. & R. makes clear that the Motion to Dismiss was not deemed confessed, and so Plaintiff has shown no error in Judge Jones' treatment of the filings or prejudice therefrom. *See id.* (citing *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003)).

To the extend Plaintiff does challenge Judge Jones' legal conclusion that Plaintiff fails to state viable First-Amendment and equal-protection claims, he does not show any error. *See* Pl.'s Obj. at 8-11, 12-15. The R. & R. relies upon multiple authorities in finding that a *Bivens* remedy should not be extended to Plaintiff's First Amendment claims. *See* R. & R. at 6-8 (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) ("The [Supreme]

4

Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity."); *Iqbal*, 556 U.S. at 675 ("[W]e have declined to extend *Bivens* to a claim sounding in the First Amendment."). Plaintiff's mere disagreement with those holdings is an insufficient basis to reject the challenged finding.

With respect to the class-of-one equal protection claims, Judge Jones found that Plaintiff had not plausibly stated a claim because Plaintiff "d[id] not identify individuals who are similarly situated in every material respect who were treated differently." R. & R. at 14-15 (citing *A.M. v. Holmes*, 830 F.3d 1123, 1166 (10th Cir. 2016)). Plaintiff's response—that he identified 250 such individuals when he identified "[t]he entire El Reno federal prison camp"—and the undersigned's examination of the pleading fail to show any error in Judge Jones' analysis. Pl.'s Obj. at 15; *see* Compl. at 13-14, 16; *A.M.*, 830 F.3d at 1167 ("[T]he sample size in a class-of-one claim is obviously too small to permit a plaintiff to paint the contours of the claim in broad brushstrokes. It is therefore imperative for the class-of-one plaintiff to provide a specific and detailed account of the nature of the preferred treatment of the [allegedly] favored class." (second alteration in original) (internal quotation marks omitted)).

IV. *Plaintiff's Request to Amend*

Judge Jones also recommended denial of Plaintiff's pending Motion to Amend (Doc. No. 122), correctly noting that: (1) Plaintiff had failed to amend, despite having leave to do so, for many months before the Motion to Dismiss was filed; and (2) the Court had found that Plaintiff's previous proposed changes "would not [have been] a proper amendment or supplement" under the Federal and Local Civil Rules. R. & R. at 15-17;

5

Order of Feb. 21, 2019 (Doc. No. 108) at 7-8. Judge Jones further found that the material proffered with the Motion to Amend did not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure and contained legal argument and briefing that were not properly part of a pleading. *See* R. & R. at 15-17.

Nothing in Plaintiff's Objection reflects any error in these findings. Rather, in his Objection and two subsequently filed Motions Plaintiff again asks to provide additional materials for the Court's consideration. *See* Pl.'s Obj. at 15-16; Pl.'s First Mot. (Doc. No. 143); Pl.'s First Mot. Ex. 1 (Doc. No. 143-1); Pl.'s Second Mot. (Doc. No. 146); *see also* Defs.' First Resp. (Doc. No. 148); Pl.'s First Reply (Doc. No. 152); Defs.' Second Resp. (Doc. No. 151); Pl.'s Second Reply (Doc. No. 154); Pl.'s Notice (Doc. No. 142). Citing authority related to "judicial notice," amendment, supplementation, and Rule 12(b)(6), Plaintiff argues, in essence, that the Court should consider some or all of the newly submitted materials as part of an amended pleading prior to any dismissal.

The Court is skeptical that the proposed amendment would comport with the Federal or Local Civil Rules or, even if so, would save Plaintiff's lawsuit from dismissal. But in the interest of fairness, and considering Plaintiff's pro se status, the Court will refer the proposed amended pleading for full consideration. *Cf. Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) ("[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings."). The Court re-refers this matter to Judge Jones to allow consideration of Plaintiff's later-filed Motions seeking to file an amended pleading (Doc. Nos. 143, 146), together with his service-related Motion for Reconsideration (Doc. No. 115) regarding the Unserved Defendants.

CONCLUSION

For the reasons stated, the Report and Recommendation (Doc. No. 136) is ADOPTED as modified herein. The Motion to Dismiss (Doc. No. 91) is GRANTED, and the current Complaint (Doc. No. 1) is dismissed in its entirety without prejudice. Plaintiff's claims against the Moving Defendants are dismissed without prejudice under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's claims against the Unserved Defendants are dismissed without prejudice on screening.

Plaintiff's Motion to Amend (Doc. No. 122) is DENIED. Plaintiff's Motion for Reconsideration (Doc. No. 115) and later Motions (Doc. Nos. 143, 146) remain pending. This matter is re-referred to Judge Jones in accordance with the original referral.

IT IS SO ORDERED this 17th day of December, 2019.

_____
CHARLES B. GOODWIN
United States District Judge